UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. FLEMING,<br><br>   Plaintiff,<br><br>  v.<br><br>CIGNA HEALTH CORPORATION, et al.,<br><br>   Defendants. | Case No. 15-04646-KAW<br><br>**REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITH LEAVE TO AMEND; ORDER REASSIGNING CASE** |

## I. INTRODUCTION

On October 7, 2015, Plaintiff commenced this action against Cigna Health Corporation, Cigna Health & Life Insurance Company, Cigna Healthcare of California, Inc., Starwood Hotels & Resorts Management Company, Inc., and Starwood Hotels & Resorts Worldwide, Inc. (Compl., Dkt. No. 1.)  Plaintiff also filed an application to proceed in forma pauperis, which was granted on November 20, 2015.  (IFP App., Dkt. No. 2; Order, Dkt. No. 7.)  On January 4, 2016, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (Pl.'s Consent, Dkt. No. 10.)  Defendants, however, did not consent to magistrate judge jurisdiction.[1] (Dkt. Nos. 13, 15.)  Accordingly, the undersigned now issues this REPORT AND RECOMMENDATION and directs the Clerk to REASSIGN this case to a district judge.

## II. DISCUSSION

In his complaint, Plaintiff alleges that the defendants have refused to comply with the Health Insurance Portability and Accountability Act ("HIPAA") "regarding the release of Plaintiffs [*sic*] Medical records because plaintiff is a Jehovah's Witness, knowing that it will lead

---

[1] On February 16, 2016, Defendants filed a motion to dismiss Plaintiff's complaint.  Dkt. No. 18.  The adoption of this report and recommendation would render the motion moot.

1  to a lawsuit against a doctor that administered blood to plaintiff." (Compl. ¶ 5.) Plaintiff also
2  alleges that this is a violation of "the 1st amendment of the United States constitution, USC 21
3  subchapters 1 and 8, USC title 42 Subsections 2000bb-1, the Americans with Disabilities Act of
4  1990, FRCP rule 34, Health Insurance Portability and Accountability Act Pl 104191 (August 21st
5  1996) 100 statue [*sic*] 1936, and 42 USCA 210 Note part 7 section 707,102,2713 and title 2
6  subtitle A on fraud and abuse." (*Id.*)

7  Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a
8  party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or
9  malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief
10 against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Neitzke v.*
11 *Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations
12 and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").

13 Pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their
14 complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by
15 amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and
16 quotation marks omitted).

17 Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief
18 must contain . . . a short and plain statement of the claim showing that the pleader is entitled to
19 relief." This rule "require[s] that the pleading . . . give[ ] the opposing party fair notice of the
20 nature and basis or grounds of the claim and a general indication of the type of litigation
21 involved." *Immigrant Assistance Project of Los Angeles Cty. Fed'n of Labor (AFL-CIO) v. I.N.S.*,
22 306 F.3d 842, 865 (9th Cir. 2002). "[A]lthough pro se pleadings are construed liberally, even pro
23 se pleadings must meet some minimum threshold in providing a defendant with notice of what it is
24 that it allegedly did wrong." *Doe v. Fed. Dist. Court*, 467 Fed. App'x 725, 727 (9th Cir. 2012)
25 (internal quotation marks omitted).

26 Here, the allegations in the complaint do not identify which defendant, or defendants,
27 engaged in the purportedly wrongful conduct. In fact, while five different entities are named as
28 defendants, not one is mentioned in the body of the complaint. Nor does any allegation show that

any one entity is responsible for the misconduct alleged. In light of this, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. As such, the complaint fails to state a claim upon which relief can be granted.

### III. CONCLUSION

For the reasons set forth above, the undersigned RECOMMENDS that Plaintiff's complaint be DISMISSED WITH LEAVE TO AMEND. At a minimum, the amended complaint shall comply with Rule 8(a)'s requirement of a "short and plain" statement of the claim and the pertinent facts showing that Plaintiff is entitled to relief. Plaintiff shall specifically (1) identify the legal and factual basis for each cause of action, (2) identify which causes of action are brought against which defendants, and (3) provide a specific statement of how each defendant engaged in the conduct that is the basis for the claims asserted against that defendant.

In order to draft a viable complaint, Plaintiff may wish to contact the Federal Pro Bono Project for free limited legal assistance. Plaintiff may schedule an appointment by calling the appointment line at (415) 782-8982 or by signing up for an appointment in the appointment book located outside the San Francisco or Oakland Legal Help Center office. Appointments are held Monday through Friday at various times throughout the day. Plaintiff can speak with an attorney who will provide basic legal help, but not legal representation.

Any party may file objections to this report and recommendation with the district judge within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.,* No. C-10-5568 EDL, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

**IT IS SO RECOMMENDED**.

Dated: 02/16/16

KANDIS A. WESTMORE
United States Magistrate Judge