UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. FLEMING,<br><br>    Plaintiff,<br><br>    v.<br><br>CIGAN HEALTH CORPORATION, et al.,<br><br>    Defendants. | Case No. 15-cv-04646-EMC<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE DISMISSAL**<br><br>Docket No. 22 |

On October 7, 2015, Plaintiff filed the instant suit against Defendants Cigna Health Corporation, Cigna Health and Life Insurance Company, Cigna Healthcare of California, Inc., Starwood Hotels and Resorts Management Company, and Starwood Hotels and Resorts Worldwide, Inc. Docket No. 1 (Compl.). Plaintiff alleges that Defendants violated his federal and constitutional rights by refusing to give copies of his medical records to Plaintiff after discovering that Plaintiff is a Jehovah's Witness. Compl. at ¶ 5. Plaintiff also filed an application to proceed in forma pauperis, which was granted by Magistrate Judge Westmore on November 20, 2015. Docket No. 2 (IFP App.); Docket No. 7 (IFP Ord.). On February 16, 2016, Judge Westmore issued her report and recommendation, recommending that the Court exercise its duty to dismiss a case proceeding in forma pauperis where the complaint fails to state a claim on which relief may be granted. Docket No. 22 (R&R); *see also* 28 U.S.C. § 1915(e)(2). Specifically, Judge Westmore concluded that Plaintiff had failed to give adequate notice of his claim because:

> the allegations in the complaint do not identify which defendant, or defendants, engaged in the purportedly wrongful conduct. In fact, while five different entities are named as defendants, not one is mentioned in the body of the complaint. Nor does any allegation show that any one entity is responsible for the misconduct alleged.

R&R at 2-3.

The R&R was served to Plaintiff by mail that same day.  *See* Docket No. 22-1.  The Court has not since received any objection to the R&R from Plaintiff.  *See* Fed. R. Civ. P. 72(b)(2) (providing that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendation.").  On February 17, 2016, Defendants filed a motion to dismiss for failure to state a claim, also on the grounds that Plaintiff "fails to identify specific conduct attributable to any particular defendant that would give rise to a cause of action.  Defendants are thus not informed which specific claims are alleged against each of them, or provided with the supposed factual basis for such claims as to each Defendant."  Docket No. 23 (Mot. to Dismiss) at 4.  Plaintiff has not filed any opposition to Defendants' motion to dismiss, which was due on March 2, 2016.

The Court has reviewed Judge Westmore's report and recommendation; finds it correct, well-reasoned, and thorough; and therefore adopts it in every respect.  Hence, the Court now **ADOPTS** Judge Westmore's well-reasoned report and recommendation, **DENIES** Defendants' motion to dismiss as moot, and **DISMISSES** Plaintiff's complaint with leave to amend.  Plaintiff shall have 30 days to file an amended complaint, which specifically: (1) identifies the legal and factual basis for each cause of action, (2) identifies which causes of action are brought against which Defendants, and (3) provides a specific statement of how each Defendant engaged in the conduct that is the basis for the claims asserted against that Defendant.  The Court also reiterates Judge Westmore's suggestion that Plaintiff may wish to contact the Federal Pro Bono Project for free limited legal assistance.

This order disposes of Docket Nos. 22 and 23.

**IT IS SO ORDERED**.

Dated: March 4, 2016

_____
EDWARD M. CHEN
United States District Judge