UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. FLEMING,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH CORPORATION, et al.,<br><br>Defendants. | Case No. 15-cv-04646-EMC<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING MOTION TO DISMISS**<br><br>Docket Nos. 30, 34 |

## I.   INTRODUCTION

On October 7, 2015 Plaintiff Jeffrey Fleming commenced the instant action against Defendants Cigna Health and Life Insurance Company, Cigna Healthcare of California, Inc., Starwood Hotels & Resorts Management Company, Inc., Starwood Hotels & Resorts Worldwide, and John/Jane Does 1-100. Docket No. 1. Defendants filed a motion to dismiss on February 17, 2016, which was denied as moot after the Court adopted Judge Westmore's report and recommendation to dismiss the case for failure to state a claim on which relief may be granted, with leave to amend. Docket No. 27. Plaintiff then filed an Amended Complaint on April 6, 2016, which Defendants again moved to dismiss. Docket Nos. 29 (First Amended Complaint) (FAC), 30 (Mot.). After Plaintiff failed to respond to Defendants' motion, this Court entered an Order to Show Cause, to which Plaintiff responded on May 26, 2016. Docket Nos. 34, 36.

The Court has reviewed Plaintiffs' response to the Order to Show Cause and is satisfied that the case should not be dismissed for failure to prosecute. The Court therefore discharges the order to show cause. However, for the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's First Amended Complaint.

## II. BACKGROUND

This complaint arises out of Plaintiff's allegation that Defendants refused to comply with the Health Insurance Portability and Accountability Act (HIPPA) and a number of federal anti-discrimination statutes (42 U.S.C. 2000a-1, a-2, a-3(a), and bb-1(c)). FAC ¶ 6. Plaintiff alleges that he demanded medical records from Defendants after they admitted an unidentified doctor had billed them for blood. *Id.* Plaintiff claims that after stating he was a Jehovah's Witness, Defendants refused to give copies of his medical records to him, another unidentified doctor, and HHR.[1] *Id.* Defendants then allegedly came up with "every possible reason or objective to not provide them, to the point of when [*sic*] [Plaintiff] was sent to go through the same people again and they just stopped answering the numbers . . . ." *Id.* Plaintiff now demands: the immediate release of all actions billed to Cigna Health Insurance since August 20, 2008, enforcement of 42 U.S.C. 2000h (intervention by the Attorney General), and ten million dollars ($10,000,000) for mental anguish. *Id.*

## III. DISCUSSION

Defendants challenge the entirety of Plaintiff's complaint and move for either dismissal with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for dismissal with prejudice pursuant to Rule 41(b). Mot. at 3. This Court dismisses with prejudice Plaintiff's HIPAA claims, along with all claims against Starwood Hotels & Resorts Management Company, Inc. and Starwood Hotels & Resorts Worldwide. Plaintiff is granted leave to amend with respect to his civil rights claims against Cigna Health and Life Insurance Company and Cigna Healthcare of California, Inc.

A. <u>Dismissal Pursuant to Rule 12(b)(6)</u>

Rule 12(b)(6) allows a party to file a motion to dismiss for "failure to state a claim upon which relief can be granted." In order to survive a 12(b)(6) motion, a complaint must meet the Rule 8(a)(2) pleading standard, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard requires "that the pleading . . . give[ ] the

---

[1] It is unclear who HHR refers to; the Court presumes Plaintiff is referring to the Department of Health and Human Resources.

2

opposing party fair *notice* of the nature and basis or grounds of the claim." *Immigrant Assistance Project of Los Angeles Cty. Fed'n of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 865 (9th Cir. 2002) (emphasis added).

Here, Defendants argue that Plaintiff's FAC failed to give them the requisite notice because it neither identified the elements of any of the alleged claims, nor the specific conduct attributable to each defendant. Mot. at 5. Defendants argue that with lack of notice they "remain in the dark" with respect to claims alleged against them and the factual basis for such claims. *Id.*

This Court finds that Plaintiff's complaint fails to satisfy Rule 8(a)(2)'s pleading standard. In his complaint, Plaintiff lists all six defendants on page two and never again makes specific reference to each. Instead, Plaintiff refers to them collectively as "Defendants" throughout the rest of the complaint. FAC ¶ 1. Plaintiff also provides a list of statutes, annotated with colloquial versions of their titles (*i.e.*, 2000a-2 (depravation)), *id.* at ¶ 6, but never identifies the necessary factual basis for each cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The absence of any facts linking specific defendants to specific statutory violations does not provide the notice Rule 8(a) is designed to afford defendants. It is true that courts liberally construe *pro se* complaints, but even under the most liberal interpretation, the court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (explaining that although pro se pleadings are construed liberally, even pro se "pleadings must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong").

Plaintiff's complaint is even more problematic with respect to his allegations against Starwood Hotels & Resorts Management Company, Inc. and Starwood Hotels & Resorts Worldwide, Inc. because Plaintiff provides no plausible basis for these defendants' connection to the alleged grievances. Plaintiff claims that the association between his alleged grievance and the hotel chain is "Starwood Hotels is self insured and has Cigna handle its portfolio, which makes Starwood responsible for Cigna's actions." In short, Plaintiff is suggesting that Starwood is liable under a theory of vicarious liability. However, vicarious liability only applies to particular legal

3

relationships: generally, parent/child, employer/employee, etc. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). There is no authority that portfolio-holder/portfolio-owner is a legal relationship to which vicarious liability applies, and Plaintiff pleads no facts to otherwise suggest that the Starwood defendants had any connection to the challenged conduct. For that reason, the Court will dismiss with prejudice the Starwood defendants.

If Plaintiff files a Second Amended Complaint against the remaining Defendants, he must: (1) identify the legal and factual basis for each cause of action, (2) identify which cause of action is brought against which Defendant, and (3) provide a specific statement of how each Defendant engaged in the conduct that is the basis for the claims asserted against that Defendant. Failure to comply with this requirement will be grounds for dismissal with prejudice.[2]

B. <u>Plaintiff's Claims Are Untenable as a Matter of Law</u>

Wholly apart from the inadequacies in pleading, dismissal is warranted because his claims are problematic as a matter of law. Plaintiff's complaint has two main categories of claims: violations of HIPAA and various civil rights statutes. FAC ¶ 6. Plaintiff's HIPAA claims are legally invalid and are therefore dismissed with prejudice. Plaintiff's civil rights claims are legally untenable as currently pled, but Plaintiff is granted leave to amend for a chance to show that Defendants assumed the role of "state actors" in their allegedly unlawful conduct.

1. <u>HIPPA Claims</u>

Plaintiff alleges that Defendants "refused to comply with Federal HIPAA laws regarding

---

[2] In its order adopting Judge Westmore's report and recommendation, the Court required Plaintiff to satisfy these three requirements. Docket No. 27. Defendants argue that Plaintiff's failure to comply with the Court's order is grounds for dismissal with prejudice, pursuant to Rule 41(b). Mot. at 7-8. The Court declines to dismiss with prejudice on this ground. Dismissal is a harsh penalty and should only be imposed in extreme circumstances. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). To determine whether to dismiss a claim for failure to comply with a court order, courts weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *E.g.*, *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the factors do not favor dismissal *with* prejudice, as Defendants urge. In particular, Defendants will not be prejudiced by lack of notice if Plaintiff includes the information being required by the Court in a Second Amended Complaint. Further, the public policy favoring disposition of a case on its merits supports dismissal without prejudice, particularly when Plaintiff is pro se.

4

the release of Plaintiff's medical records. *Id.* Notwithstanding the insufficient detail in this accusation, Plaintiff's claim is invalid for the simple reason that private actors may not bring HIPAA claims. *Webb v. Smart Document Solutions, LLC*, 488 F.3d 1078, 1082 (9th Cir. 2007); *see* 65 Fed.Reg. 82601 (Dec. 28, 2000). Plaintiff himself acknowledged this in his Response to the Order to Show Cause. Docket No. 36 ("I never stated that the HIPPA [*sic*] laws involved relief/compensation to me . . ."). Plaintiff's HIPAA claim has no valid legal basis and therefore must be dismissed with prejudice.

### 2. Civil Rights Claims

Plaintiff further alleges that Defendants violated various provisions of the Civil Rights Act, namely 42 U.S.C. §§ 2000a-1, a-2, a-3(a), bb-1(c). FAC ¶ 6. Plaintiff begins with 42 U.S.C. § 2000a-1, which states in pertinent part "[a]ll persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of . . . religion . . . if such discrimination or segregation is or purports to be required *by any law, statute, ordinance, regulation, rule, or order of a State or any agency or political subdivision thereof*" (emphasis added). This statute protects citizens from discrimination by the state, not by other private citizens. *See, e.g.*, *Wheeler v. Chair*, No. 1:12-CV-00260-LJO, 2012 WL 843784 at *4 (E.D. Cal. Mar. 12, 2012) (dismissing the plaintiff's claim for Title II violations because a bus company and its owner were private actors); *Acuna v. Fireside Thrift Co., Inc.*, No. CV-05-3876-PHX, 2006 WL 1312528 at *9 (D. Ariz. May 11, 2006) (holding that state action is a requisite element of the Civil Right Act).

Admittedly, private entities have the ability to "become" state actors through their activities. 42 U.S.C. § 2000a(d) ("Discrimination or segregation by an establishment is supported by State action . . . if such discrimination is carried on under color of any law, statute, ordinance, or regulation; or . . . under color of any custom usage required or enforced by the officials of the State or political subdivision thereof"). *See*, *e.g.*, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715 (1961) (holding that the State had "so far insinuated itself into a position of interdependence with [the coffee shop] that it must be recognized as a joint participant" in their discriminatory practices).

5

Here, however, Plaintiff provides no evidence or allegation that any Defendants have become state actors.  Plaintiff's claim under 42 U.S.C. § 2000a-1, as currently pled, is legally untenable.  Each additional civil rights claim that Plaintiff attempts to bring is dependent on a violation of 42 U.S.C. § 2000a-1, and so, by extension, they are also legally untenable.  Plaintiff's civil rights claims are dismissed with leave to file an amended complaint containing plausible evidence that Defendants are state actors.  However, if Plaintiff wishes to assert this theory, the amended complaint must allege sufficient factual information in support.

## IV.   CONCLUSION

The Court **GRANTS** Defendant's motion to dismiss.  Because this is only the First Amended Complaint, Plaintiff will be granted leave to amend except the HIPAA claims, and those against Starwood Hotels & Resorts Management Company, Inc. and Starwood Hotels & Resorts Worldwide, Inc.  These claims are dismissed with prejudice.  As to all other claims, any amended complaint should be filed within 60 days from the date of this order.  Plaintiff is forewarned that no further amendments will be permitted.

This order disposes of Docket Nos. 30 and 34.

**IT IS SO ORDERED**.

Dated: June 23, 2016

_____
EDWARD M. CHEN
United States District Judge